UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-50-H

AYSAR MOHAMMAD HANBALI                                                      PLAINTIFF

V.

MICHAEL CHERTOFF, et al.                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

  Plaintiff, Aysar Mohammad Hanbali, has brought an action for declaratory relief and for a writ of mandamus to require the United States Citizenship and Immigration Service ("CIS") to take action on his application for naturalization which has been pending since October 31, 2005. Defendants have moved to dismiss, arguing that the Court lacks jurisdiction prior to completion of an examination by CIS and that Plaintiff has failed to state a claim, since the Federal Bureau of Investigation ("FBI"), rather than CIS, is responsible for any delay.

  While the jurisdictional question presented here has been increasingly litigated in district courts in recent years, few circuits have provided guidance. Moreover, a number of important facts are simply unknown. Given the lack of alternative remedy, the Court finds jurisdiction, but whether Plaintiff may ultimately obtain relief will depend on whether he can show that the delay he currently faces is unreasonable and caused by the named Defendants.

I.

  Aysar Mohammed Hanbali, a citizen of Jordan, has been a Permanent Resident of the United States since December 6, 2000. On September 9, 2005, he filed an Application for

Naturalization by submitting Form N–400 to CIS.

The CIS office in Louisville, Kentucky, twice scheduled Naturalization Initial Interviews with Hanbali, but it cancelled both. CIS contends that the interviews were cancelled because it has yet to receive the results of a mandatory background check performed by the FBI. It has been nearly two years since Plaintiff submitted his application, and it has yet to be adjudicated.

II.

Defendants have moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. Plaintiff asserts several independent statutory bases for subject matter jurisdiction: the Immigration and Nationality Act ("INA") 8 U.S.C. § 1447(b), the Mandamus and Venue Act, 28 U.S.C. § 1361, and the Federal Question Statute, 28 U.S.C. § 1331 for violation of the Administrative Procedures Act ("APA") 5 U.S.C. § 701 et seq.

There are two categories of motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1): facial attacks and factual attacks. *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the court's subject matter jurisdiction based upon the sufficiency of the pleadings. In considering a "facial attack", a court will consider the material allegations of fact set forth in the complaint as being true and construe them in a light most favorable to the nonmoving party. *U.S. v. Ritchie*, 15 F.3d. at 598; *Cooley v. United States*, 791 F.Supp. 1294, 1298 (E.D.Tenn. 1992); *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

In considering a "factual attack", challenging the court's subject matter jurisdiction based upon the facts as alleged in the pleadings, a court will not presume the allegations of fact in the complaint to be true. *Ritchie*, 15 F.3d. at 598. Rather, the district court will weigh the

conflicting evidence to determine whether the proper jurisdiction exists. *See Cooley*, 791 F.Supp. at 1298; *Ohio Nat. Life Ins. Co.*, 922 F.2d at 325. The plaintiff bears the burden of demonstrating that the Court has jurisdiction over the subject matter. *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 324.

A.

The INA does not confer jurisdiction in this case. The statute expressly provides for district court jurisdiction over a suit for failure to make a determination as to Plaintiff's application for naturalization, but only after "the 120-day period after the date on which the examination is conducted". 8 U.S.C. § 1446(b). Although some courts have interpreted "examination" to refer to the entire process, including all facets of the background investigation, *see, e.g., Danilov v. Aquirre*, 370 F.Supp.2d 411 (E.D. Va. 2005), others have held that the interview itself constitutes the examination for purposes of the statute. *See, e.g., Issa v. Mueller*, 486 F.Supp.2d 668, 671-72 (E.D. Mich. 2007). Under either interpretation, no "examination" has been conducted in this case. Hanbali's interview has been twice scheduled and cancelled by CIS. Since Plaintiff has yet to be interviewed, 8 U.S.C. § 1446(b) does not convey jurisdiction to the Court at this time.

B.

The Mandamus and Venue Act provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C.A. § 1361. Mandamus relief "is a drastic [remedy], to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Mandamus relief is proper

where the plaintiff can show that (1) the plaintiff has a "clear and certain claim" to the relief sought; (2) the defendant official has a "nondiscretionary, ministerial" duty to act "so plainly prescribed as to be free from doubt"; and (3) there is "no other adequate remedy available." *Anjum v. Hansen*, No. 06-00319, 2007 WL 983215, at *3 (S.D.Ohio Mar. 28, 2007) (quoting *Patel v. Reno*, 134 F.2d 929, 931 (9th Cir.1988)).

First, Plaintiff has a clear and certain claim for relief. He seeks adjudication of his application for naturalization. He does not request review of a particular agency decision nor for an adjudication without adequate background checks. He simply requests adjudication within a reasonable time.

Secondly, CIS has a "nondiscretionary, ministerial" duty to act. Although this duty has been rather controversial, a number of courts have held that "CIS has a mandatory non-discretionary obligation to adjudicate such applications within a reasonable amount of time." *Kaplan v. Chertoff*, 481 F.Supp.2d 370, 399 (E.D. Pa. 2007); *see also Ajmal v. Mueller*, No. 07-206, 2007 WL 2071873 at *2 (E.D.Pa., July 17, 2007); *Lazli v. U.S. Citizenship and Immigration Services*, No. 05-CV-1680-BR, 2007 WL 496351 at *15 (D. Or., Feb. 12, 2007); *Alkenani v. Barrows*, 356 F.Supp.2d 652, 656 (N.D.Tex.2005) ("Although immigration officials are vested with broad discretion in making the ultimate decision whether to grant or deny an application for naturalization, they have a non-discretionary duty to process the application within a reasonable time").

The Sixth Circuit has not addressed this issue, but one district court within the Sixth Circuit has held that CIS has a duty to adjudicate an application for naturalization within a reasonable time. *See Anjum v. Hansen*, Slip Copy, 2007 WL 983215 at *5 (S.D. Ohio, March

28, 2007) (citing *Lazli* to find jurisdiction under the Mandamus and Venue Act and "concur[ing] with the vast majority of courts finding that CIS has a plain, nondiscretionary duty to adjudicate immigration claims within a reasonable time").

Even though neither the statute nor regulations establish a definitive deadline for scheduling an examination that does not mean that CIS possesses "unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely." *Kaplan*, 481 F.Supp.2d at 399. When it receives applications, CIS cannot simply ignore them. It must review them in a reasonable time. The CIS regulations' use of mandatory rather than permissive language supports this conclusion: "the employee of the Service who conducts the examination [on an application for naturalization] *shall* determine whether to grant or deny the application, and *shall* provide reasons for the determination . . . ." 8 C.F.R. § 316.14(b)(1) (emphasis added).[1]

Finally, Plaintiff lacks adequate alternative remedies. This is not an instance in which Congress has provided an adequate procedure to obtain judicial review of an agency action. In such a case, the statutory provision would be the exclusive means of obtaining judicial review in those situations to which it applies. *See Memphis Trust Co. v. Bd. of Governors of Fed. Reserve*

---

[1] The view that CIS has any such duty is far from unanimous. A number of district courts have held that the time line for adjudicating a naturalization application is entirely within the discretion of CIS. *See, e.g., Badier v. Gonzales*, 475 F.Supp.2d 1294, 1297-98 (N.D. Ga., 2006) (finding no jurisdiction under either the APA or the Mandamus and Venue Act because there is no statutorily established time period during which the CIS is required to set an examination, and the INA indicates that Congress left adjustment status and all procedures prior to the examination up to the discretion of the Attorney General); *Yan v. Mueller*, No. H-07-0313, 2007 WL 1521732 at *6 (S.D.Tex., May 24, 2007) (finding no jurisdiction under the Mandamus and Venue Act or the APA because Congress simply has not imposed a deadline for the FBI to complete the mandatory name check investigations that are required for the adjustment of immigration status and naturalization); *Al Gadi Gadi v. Chertoff*, No. CV-F-07-090, 2007 WL 1140825 at *5 (E.D. Cal., April 17, 2007) (finding that the court had no jurisdiction under the APA to compel a naturalization examination since CIS is not legally required to administer the examination until the full background check is complete).

*Serv.*, 584 F.2d 921, 925 (6th Cir. 1978).  There are ample administrative and judicial remedies should Hanbali's application be denied.  However, there is no alternative remedy for an unreasonable delay.  Plaintiff's only means of compelling agency action in the case of an unreasonable delay is through an order of a district court.

Because CIS has a nondiscretionary duty to adjudicate naturalization applications within a reasonable time, and plaintiff lacks an alternative remedy for his clear and certain claim, this Court has jurisdiction under the Mandamus and Venue Act.  Nevertheless, Plaintiff is a long way from a remedy for his complaint.

C.

Plaintiff also asserts that jurisdiction exists under the APA, 5 U.S.C. § 701 et seq.  Since the Court finds jurisdiction under the Mandamus and Venue Act, it need not consider whether jurisdiction is proper under the APA, which provides a cause of action when agencies fail to conclude matters presented to them "within a reasonable time."  5 U.S.C. § 555(b).  As some courts have noted, the Supreme Court's decision in *Ardestani v. INS*, 502 U.S. 129 (1991) suggests that Congress intended for the provisions of the Immigration and Nationality Act to supplant the APA.  *See Anjum v. Hansen*, No. 2:06-cv-00319, 2007 WL 983215 at *2 (S.D. Ohio, March 28, 2007).  Because of this ambiguity, the Court follows the lead of several other courts in analyzing jurisdiction over a claim for unreasonable delay solely under the Mandamus and Venue Act, 28 U.S.C. § 1361.  *See id.* (citing *Lazli v. U.S. Citizenship and Immigration Servs.*, No. 05-CV-1680-BR, 2007 WL 496351 at *8 (D.Or., Feb. 12, 2007)).

III.

Having determined a basis for jurisdiction, the Court must consider Defendants' motion

6

to dismiss for failure to state a claim. A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the nonmoving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In their reply brief, Defendants argue for the first time that the FBI caused the delay in adjudication of Plaintiff's application by failing to complete Plaintiff's requisite background check. Federal regulations require a background check before CIS may perform its examination of an application for citizenship. *See* 8 U.S.C. § 1446(a), (b). Defendants argue that since Congress has forbidden CIS from taking any action until background checks are completed, CIS may not be compelled to act until the full background check is complete. *See Damra v. Chertoff*, No. 1:05CV0929, 2006 WL 1786246 at *3 (N.D. Ohio, June 23, 2006) (finding no jurisdiction even though immigration officials have a duty to process naturalization applications within a reasonable time frame, because CIS does not have the authority to expedite the process by which the FBI conducts its criminal background investigations). Plaintiff's background check has been requested but not completed. The CIS may not be compelled to take an action which it is not yet empowered to take under its own governing regulations. *Norton v. Southern Utah Wilderness Alliance*, 524 U.S. 55, 63 (2004).

Whether the FBI or CIS is responsible for the delay remains unclear. Plaintiff has stated a claim for unreasonable delay, and if it can be proven that CIS is responsible for such delay, the Court may compel action. The question of whether the FBI or CIS has in fact delayed unreasonably involves a "fact-intensive" balancing test that the Court need not undergo at this

stage of the proceedings. *Kaplan v. Chertoff*, 481 F.Supp.2d 370, 399 (E.D.Pa.,2007) (citing *Oil, Chem., & Atomic Workers Union v. OSHA*, 145 F.3d 120, 123 (3d Cir.1998)).

Further, it bears mentioning that Plaintiff here has not joined any representative of the FBI as a defendant. To the extent that mandamus relief may require compelling the FBI to complete the statutory name and fingerprint checks, an official representing their nondiscretionary duty would have to be joined. *See Lazli*, 2007 WL 496351 at *1-4, *18-19. However, this Court may, pursuant to Fed. R. Civ. P. 21, grant the Plaintiff leave to join the necessary parties for adequate relief. Plaintiff hereby has ninety days to do so.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion to dismiss of the United States is DENIED at this time.

cc:    Counsel of Record